J. Gary Gwilliam, Esq. (State Bar No. 33430)
Robert J. Schwartz, Esq. (State Bar No. 254778)
GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER
1999 Harrison Street, Suite 1600
Oakland, CA 94612-3528
Telephone: (510) 832-5411
Facsimile: (510) 832-1918
Email: ggwilliam@giccb.com
       rschwartz@giccb.com

Attorneys for Plaintiffs
GEORGIA DEFILIPPO AND CHRISTINA DEFILIPPO

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA DEFILIPPO AND CHRISTINA DEFILIPPO,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF STANISLAUS, CITY OF MODESTO, CITY OF TURLOCK, CITY OF CERES, BIRGIT FLADAGER, MARLISSA FERREIRA, KIRK BUNCH, STEVE JACOBSON, DALE LINGERFELT, FROILAN MARISCAL, LLOYD MACKINNON, JON EVERS, DEREK PERRY, CORY BROWN, GREG JONES, TIMOTHY REDD, KENNETH BARRINGER, FRANK NAVARRO, and DOES 1-10, inclusive,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br>1. **VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)**<br>2. **MALICIOUS PROSECUTION**<br>3. **VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**<br>4. **FALSE IMPRISONMENT/FALSE ARREST**<br>5. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**<br>6. **DEFAMATION**<br><br>**DEMAND FOR JURY TRIAL** |

## I.  INTRODUCTION

1. Plaintiffs Georgia DeFilippo ("Georgia") and Christina DeFilippo ("Christina") are the wife and stepdaughter, respectively, of Frank Carson ("Carson"), a prominent Stanislaus County criminal defense attorney. In August 2015, they were arrested for alleged involvement in the murder of a known thief and drug addict. After an 18-month preliminary hearing, one of the longest in California history, a judge ordered them released, explaining that it was "not difficult," given the clear lack of evidence against them.

2. How did this happen? It happened because the Stanislaus County District Attorney and Sheriff's Department, and Modesto, Turlock, and Ceres police departments – stung by a series of high-profile defeats by Carson – falsely and maliciously concocted a fanciful tale, wherein Carson and his family, concerned about the theft of antiques from their property, resorted to murder for hire. Thus, Carson, Georgia, and Christina's efforts to secure their property, including through police assistance, were "evidence" of a murderous conspiracy, while exculpatory evidence was ignored or destroyed. Indeed, the sum total of the evidence used to bring charges against Georgia and Christina amounts to a few innocuous communications, which no reasonable officer would find established probable cause.

## II.  JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. section 1331, the Court has original jurisdiction over this action because it arises, *inter alia*, under the Constitution and laws of the United States.

4. The Court has personal jurisdiction over the defendants because, *inter alia*, they transact business in and engaged in wrongdoing in the District.

5. Pursuant to 28 U.S.C. section 1391(b)(1)-(2), venue is proper because the defendants reside in this District and a substantial part of the events or omissions giving rise to the action occurred in the District.

## III.  CONDITIONS PRECEDENT

6. For the state law claims against public entities and employees, plaintiffs Georgia DeFilippo and Christina DeFilippo (collectively, "Plaintiffs") timely filed government claims against the County of Stanislaus, City of Modesto, City of Turlock, and City of Ceres, and their

respective employees, on October 3, 2017. The City of Turlock issued a notice of deficient claim on October 4, 2017. Plaintiffs filed amended government claims with the County of Stanislaus, City of Modesto, City of Turlock, and City of Ceres on November 13, 2017. The County of Stanislaus and City of Modesto rejected the claims on November 11, 2017, and the City of Turlock rejected the claim on December 13, 2017.

**IV.     PARTIES**

7.     Plaintiff Georgia DeFilippo was 64 years old when she was falsely and maliciously arrested for murder with the special circumstance of lying in wait, conspiracy to commit murder, and false imprisonment. Georgia is, and was at all times herein mentioned, a citizen of the United States and a resident of Stanislaus County.

8.     Plaintiff Christina DeFilippo was 36 years old when she was falsely and maliciously arrested for the same crimes as Georgia DeFilippo, due to a typographical error on the arrest warrant that the judge failed to identify. Christina is, and was at all times herein mentioned, a citizen of the United States. With the exception of August 2012 to June 2014, when she resided in New York for graduate school, Christina was a resident of Stanislaus County.

9.     Defendant County of Stanislaus ("Stanislaus County") is a county, incorporated, duly organized, and existing under the laws of the State of California. Stanislaus County operates under its authority the Stanislaus County District Attorney and Sheriff's Department. Stanislaus County is vicariously liable for defendants Birgit Fladager, Marlissa Ferreira, Kirk Bunch, Steve Jacobson, Dale Lingerfelt, Froilan Mariscal, Lloyd MacKinnon, Cory Brown, Greg Jones, and Kenneth Barringer's wrongful arrest and detention of Plaintiffs, as well as violations of their constitutional rights under California Civil Code section 52.1.

10.     Based upon the principles set forth in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), Stanislaus County is liable for the deprivation of Plaintiffs' rights protected by the United States Constitution, as set forth herein. Stanislaus County bears responsibility because its policies, practices, and/or customs caused Plaintiffs' injuries. In particular, Stanislaus County and its officials, including Birgit Fladager, Marlissa Ferreira, Kirk

Bunch, Steve Jacobson, Dale Lingerfelt, Froilan Mariscal, Lloyd MacKinnon, Cory Brown, Greg Jones, and Kenneth Barringer, maintained or permitted one or more of the following official policies, customs, or practices:

    a. Failure to provide adequate training and supervision of Stanislaus County District Attorney attorneys and investigators, and Sheriff's Department deputies with respect to the constitutional limits on search, seizure, arrest, and detention;

    b. Failure to adequately discipline or retrain employees involved in misconduct;

    c. Selection, retention, and assignation of employees with demonstrable propensities for violation of constitutional rights;

    d. Condonation and encouragement of employees in the belief that they can violate the rights of persons such as Plaintiffs with impunity, and that such misconduct will not adversely affect their opportunities for promotion and other employment benefits; and

    e. Ratification at the highest levels of authority of the specific unconstitutional acts alleged herein.

11. Defendant City of Modesto is a municipal entity with the capacity to sue and be sued. It is a Charter City under the laws of the State of California. The city operates under its authority the Modesto Police Department. The City of Modesto is vicariously liable for defendant Jon Evers' wrongful arrest and detention of Plaintiffs, as well as violations of their constitutional rights under California Civil Code section 52.1.

12. Defendant City of Turlock is a municipal entity with the capacity to sue and be sued. The city operates under its authority the Turlock Police Department. The City of Turlock is vicariously liable for defendants Timothy Redd and Frank Navarro's wrongful arrest and detention of Plaintiffs, as well as violations of their constitutional rights under California Civil Code section 52.1.

13. Defendant City of Ceres is a municipal entity with the capacity to sue and be sued. The city operates under its authority the Ceres Police Department. The City of Ceres is vicariously liable for defendant Derek Perry's wrongful arrest and detention of Plaintiffs, as well

as violations of their constitutional rights under California Civil Code section 52.1.

14. Defendants Birgit Fladager, Marlissa Ferreira, Kirk Bunch, Steve Jacobson, Dale Lingerfelt, and Froilan Mariscal are and were at all relevant times employed by the County of Stanislaus District Attorney and committed the acts complained of herein while acting within the course and scope of their official duties. They are sued in both their individual and official capacities.

15. Defendants Lloyd MacKinnon, Cory Brown, Greg Jones, and Kenneth Barringer are and were at all relevant times employed by the County of Stanislaus Sheriff's Department and committed the acts complained of herein while acting within the course and scope of their official duties. They are sued in both their individual and official capacities.

16. Defendant Jon Evers is and was at all relevant times employed by the City of Modesto Police Department and committed the acts complained of herein while acting within the course and scope of his official duties. He is sued in both his individual and official capacities.

17. Defendants Timothy Redd and Frank Navarro are and were at all relevant times employed by the City of Turlock Police Department and committed the acts complained of herein while acting within the course and scope of their official duties. They are sued in both their individual and official capacities.

18. Defendant Derek Perry is and was at all relevant times employed by the City of Ceres Police Department and committed the acts complained of herein while acting within the course and scope of his official duties. He is sued in both his individual and official capacities.

19. Plaintiffs are informed and believe, and thereon allege that each defendant is, and at all times mentioned herein was, the agent, employee, representative, successor, and/or assignee of each other defendant. Each defendant, in doing the acts or in omitting to act, as alleged herein, was acting within the scope of his or her actual and apparent authority, or the alleged acts and omissions of each defendant as agent were subsequently ratified and adopted by each other defendant as principal. Plaintiffs are informed and believe that each of the individual defendants was in some way responsible for the constitutional violations and torts herein alleged.

///

20.     Plaintiffs are ignorant of the true names and capacities of the defendants sued herein as Does 1-10, inclusive, and therefore sue these defendants by such fictitious names and capacities.  Plaintiffs are informed and believe, and on that basis allege, that each defendant sued under such fictitious names is in some manner responsible for the occurrences herein alleged, and that their injuries as herein alleged were proximately caused by the conduct of such defendants.

### V.     FACTUAL SUMMARY

21.     On August 14, 2015, plaintiff Georgia DeFilippo, age 64, the wife of Frank Carson, a prominent Stanislaus County criminal defense attorney, and Christina DeFilippo, age 36, Georgia's daughter and Carson's stepdaughter, were arrested for the murder of a known thief, heroin and methamphetamine addict, Korey Kauffman.  The defendants, all members of Stanislaus County law enforcement, conspired to conduct a retaliatory, unconstitutional investigation and prosecution of Frank Carson and his family, solely based on their own disdain for Carson because of his successes against them.

22.     The defendants then conducted a press conference where Georgia DeFilippo and Christina DeFilippo were defamed and the evidence against them was misrepresented.  In fact, there was no evidence that either Georgia or Christina had anything to do with the murder of Mr. Kauffman.  The only reason they were arrested was their familial connection to Frank Carson. The arrest warrant, including Georgia and Christina's personal identifying information and social security numbers, was posted online.  Thereafter, two credit cards were opened in Carson's name.

23.     The defendants' theory was that Frank Carson, a well-known lawyer, hired someone to murder anyone coming on his property and stealing from him.  The preposterousness of such a theory is obvious.  This theory arose because Carson and his wife, Georgia DeFilippo, have a hobby of collecting and selling antiques, including antique books and advertising signs. They owned two properties in Turlock, California, where they stored many of their antiques. Christina DeFilippo was living in one of the properties in Turlock, where antiques were stored. In or about February 2011, Christina noticed that a lock on an outdoor container had been broken

and the door was open.  Christina notified her mother and stepfather of this.  Shortly thereafter, Carson and Georgia saw their belongings being sold by another antique dealer and learned they were being robbed.  Upon investigation of their property, they discovered a hole in the fence and a beaten path from the open container to an adjacent home rented by Mike Cooley.  Law enforcement was contacted, but Carson and Georgia were told that nothing could be done unless they caught someone in the act of stealing their property.

24. Thereafter, Frank Carson, Georgia DeFilippo, and Christina DeFilippo took steps to prevent additional thefts of their property.  They left lights on in the house and installed a motion detector, with Christina notifying Carson and Georgia if the motion detector was activated.  Carson also repaired sheds and locks to bolster security.  In or about February 2011, Carson and Georgia contacted law enforcement when they saw their property in the back of one of the Cooley family vehicles.  Unfortunately, the vehicle was driven away before law enforcement arrived.  Carson then created a stolen book alert, to give to dealers in the area in the hopes that someone would call the Sheriff's Department and report if his stolen books were presented for purchase.  The stolen book alert contained a list of the people who lived in the Cooley household, the books and other antiques that were stolen, a description of the Cooley's vehicle, Carson's phone numbers, and the Sheriff's Department's phone number, along with the report number.  Contrary to lies told to the court and the public by Marlissa Fereirra, Stanislaus County Deputy District Attorney, Korey Kauffman was not included on this list as a suspected thief.  Indeed, there was never any evidence that Carson, Georgia, or Christina even knew Mr. Kauffman.

25. Rather, Korey Kauffman was a friend of the Cooley family and made his living by stealing things and recycling them for money.  He was a known thief and had many enemies, including drug dealers from whom he had stolen.  Mr. Kauffman went missing on or around March 30, 2012. His body was found in the Stanislaus National Forest on August 19, 2013, nearly 17 months later.  Despite the fact that several people unrelated to Frank Carson, Georgia DeFilippo, or Christina DeFilippo had made threats against Mr. Kauffman, the defendants ignored that evidence and instead started investigating Carson for murder.  The investigation was

based on statements from known drug addicts and criminals that Mr. Kauffman intended to steal something from the Carson property on the night he disappeared. The defendants ignored the fact that Mr. Kauffman had also stolen marijuana from a known drug dealer and that his body was found near a marijuana farm associated with the drug dealer.

26. The thefts on the Frank Carson, Georgia DeFilippo, and Christina DeFilippo property continued until the Cooley family moved in the Spring of 2013.

27. There was never any evidence to connect either Georgia DeFilippo or Christina DeFilippo to the disappearance of Korey Kauffman. Indeed, the "evidence" in the August 13, 2015, warrant against them was limited to the following:

    a. Christina was told to keep the lights on in her house to keep thieves away.

    b. Fourteen months before Mr. Kauffman went missing, Christina and Georgia exchanged text messages stating that Frank Carson was "freaking out" about thefts on their property and would have a gun when he came to the property that night. The warrant leaves out the fact that Carson was coming to the property to fix a broken lock that had just been discovered and might encounter thieves or may fear for his safety while doing so.

    b. A text message that Carson was coming to the house with a motion detector.

    c. A text message that the maintenance person would be coming over to fix locks and that the alarm had not gone off when this happened.

    d. A text message exchange about an employee of Carson that had nothing to do with the investigation.

    e. When Christina found the broken lock in the yard, Georgia asked her to go out in the field and see if anyone had taken anything or if thieves were present.

    f. Months after the disappearance of Mr. Kauffman, Christina banged on a window in her house because the Cooley family was mowing their lawn early in the morning. She broke the window and called her mother, upset about it. Georgia tried to make light of the incident and said, "what do you want me to do, shoot them?" Georgia told Christina not to worry and that the window could be fixed.

    She said, "We will have to do something about them," referring to the installation of energy saving, noise blocking, double pane windows.

  g. A text message exchange between Christina and Georgia about a cat or racoon setting off the motion detector, wherein they joked about shooting the racoon but not the cat. The defendants maliciously omitted the "lol" (laugh out loud) contained in the exchange, attempting to make it appear sinister.

  h. Christina was told by Kenneth Barringer, Stanislaus County Sheriff's Deputy, that her neighbors thought Mr. Kauffman was nailed into the wall of a shed on her family's property. Christina told Georgia about this, who responded, "there are certainly no dead bodies over there." Incredibly, the defendants claimed that Christina telling her mother she was contacted by law enforcement was "passing information."

  i. Christina informed her mother that she stepped on a board with nails in it. Preposterously, the defendants claim this was a booby trap known to Christina.

  j. When Georgia learned that the family's property had been searched by law enforcement with cadaver dogs, she asked if they found any dead bodies, to which Carson responded, "Hell no, there aren't any."

  k. Christina was told to have a lawyer before speaking with police, even though she fully cooperated without a lawyer present.

  l. Allegedly cell phone data placed Georgia and Christina in Turlock on the night of Mr. Kauffman's disappearance. This was an outright fabrication, as there was no evidence that Georgia was in Turlock that night. Instead, the evidence showed that Georgia was at her home in Modesto, which the defendants unlawfully hid from the court and defense team. As Christina lived in Turlock, it was not surprising or incriminating that her cell phone was there. There were also lies in the arrest warrant that Christina's phone was turned off.

Clearly, none of the above shows any evidence of a crime or even knowledge of a crime being committed, meaning the defendants had no probable cause to arrest Georgia and Christina.

28. In addition to the obvious lack of evidence against Georgia DeFilippo and Christina DeFilippo, the defendants made lies and misrepresentations in search warrants that violated their privacy and Fourth Amendment rights. There is also evidence that at least one judge told the defendants that the warrants lacked probable cause. Georgia and Christina are informed and believe that the same warrant, despite the defendants' knowledge that it lacked probable cause, was used to secure their arrest.

29. Georgia DeFilippo spent 50 days in jail until she was released on October 4, 2015, because of egregious ethics violations by defendant Marlissa Ferreira ("Ferreira"), Stanislaus County Deputy District Attorney. Georgia's bail was set at $10.0 million but ultimately reduced to $4.5 million. Christina DeFilippo was bailed out of jail the same day she was booked, but not before her entire life was ruined by the malicious acts of the defendants.

30. A preliminary hearing began on October 13, 2015, and continued for 18 months, one of the longest in California history. Georgia DeFilippo and Christian DeFilippo were required to sit through every day of the hearing, although only the first day included any evidence against them.

31. On April 10, 2017, Judge Barbara Zuniga dismissed the charges against Georgia DeFilippo and Christina DeFilippo, finding there was insufficient evidence to support them. As to Georgia, the judge ruled, "I am going to find that there . . . is no sufficient cause to believe that she is guilty of murder and/or obstruction of justice, and I order that the Complaint be dismissed and she is discharged." Likewise, the judge ruled that there was also insufficient evidence to find that Georgia was guilty of accessory, a charge then planned by the prosecution. As to Christina, the judge ruled, "I am finding that there is no sufficient cause to believe that she is guilty of the alleged crime of accessory and obstruction of justice, and I order that the Complaint as to her be dismissed and that she is discharged." The judge described her rulings as to Georgia and Christina as "not difficult." Thus, after an 18-month preliminary hearing, the judge easily found that there was insufficient evidence to support the charges against Georgia and Christina.

32. All of the defendants were involved in a conspiracy to violate Georgia DeFilippo and Christina DeFilippo's constitutional rights and the right to privacy, as well as a conspiracy to

defame, falsely arrest, and maliciously prosecute them. Each of the defendants were involved in the malicious, retaliatory investigation and prosecution and/or in furthering the goals of the conspiracy, which was to destroy the life and career of Frank Carson and his family.

33.  Defendant Marlissa Ferreira acted outside her role as prosecuting attorney by acting as an investigator. In doing so, she tried to dissuade a witness from cooperating with the criminal defense team in an effort to deprive Christina DeFilippo of representation. Ferreira publicly defamed Georgia DeFilippo and Christina, and maliciously abused her position to try to create false testimony. Ferreira repeatedly asked when Georgia was going to run out of money for her defense. Ferreira also used her position to try to fabricate evidence against Frank Carson. She repeatedly told defense attorneys for Georgia and Christina that if they would give testimony implicating Carson in the crime, the charges against them would be dropped. Georgia and Christina refused to do so, as it would have been a lie. Ferreira acted with the consent and knowledge of defendant Birgit Fladager ("Fladager"), Stanislaus County District Attorney, and both were co-conspirators with the other defendants.

34.  Defendant Kirk Bunch ("Bunch"), Stanislaus County District Attorney Investigator, is a leader of the conspiracy, and Georgia DeFilippo and Christina DeFilippo are informed and believe that he orchestrated the case against them. Bunch submitted false affidavits to the criminal court and directed the malicious investigation and arrest of Georgia and Christina as part of the conspiracy.

35.  Also as part of the conspiracy, defendant Derek Perry ("Perry"), City of Ceres Police Department Detective, destroyed evidence from game cameras in the area where Korey Kaufmann's body was found. There was exculpatory evidence on those cameras showing that someone else was likely responsible for Korey Kaufmann's death.

36.  On September 20, 2013, defendants Cory Brown ("Brown") and Greg Jones ("Jones"), both Stanislaus County Sheriff's Detectives, visited Christina DeFilippo in her painting class at the Pratt Institute in Brooklyn, New York. She requested a lawyer, but was intimidated into talking to police without a lawyer and threatened with obstruction of justice if she refused. Jones and Brown took Christina to a basement room, falsely imprisoning her and

denying her constitutional right to an attorney. She was told that they would make her life miserable if she did not cooperate. Their actions were also a part of the conspiracy.

37. Brown, another leader of the conspiracy, was also the author of the Ramey warrant to arrest Georgia DeFilippo and Christina DeFilippo, and a search warrant to wiretap their phone calls. Both warrants misrepresent salient facts of the case. In the search warrant, Georgia's cell phone number is attributed to Frank Carson and her phone calls were monitored without probable cause. With regard to the Ramey warrant, no reasonable officer would have believed that it established probable cause for the arrest of Georgia and Christina. Brown also misrepresented facts he knew, or should have known, to be untrue.

38. Defendant Timothy Redd ("Redd"), Turlock Police Department Detective, acting as a co-conspirator, is the author of the search warrant for Georgia DeFilippo and Christina DeFilippo's cell phones at the time of arrest and for the professional office of Frank Carson. Redd misrepresented facts in the warrants and should have known there was no probable cause to search or arrest Georgia and Christina.

39. Finally, defendants Steve Jacobson ("Jacobson"), Dale Lingerfelt ("Lingerfelft"), and Froilan Mariscal ("Mariscal"), all Stanislaus County District Attorney Investigators; and Lloyd MacKinnon ("MacKinnon"), Stanislaus County Sheriff Detective; Jon Evers ("Evers"), Modesto Police Department Detective; Frank Navarro ("Navarro"), Turlock Police Department Detective; and Kenneth Barringer ("Barringer"), Stanislaus County Sheriff's Deputy were all co-conspirators who had a history of animosity against Frank Carson and participated in the creation of false evidence against him and in furthering a retaliatory and malicious investigation without probable cause that resulted in the false arrests and malicious prosecution of Georgia DeFilippo and Christina DeFilippo.

40. Georgia DeFilippo has an extraordinary amount of economic damages, including $390,000 in bail, approximately $500,000 in attorneys' fees, $87,732.56 in court costs, lost income, and severe emotional distress, including being housed in a maximum-security facility for 50 days. Christina DeFilippo had just graduated with a Master of Fine Arts degree and intended to pursue a career as an artist and teacher. However, due to the press surrounding her

arrest, it is unlikely she will ever be hired to teach.  Georgia and Christina have become overwhelmed with paranoia, depression, and anxiety because of the defendants' witch hunt against them and the continued efforts to violate their privacy by seeking search warrants for their phones and computers.  Georgia and Christina live in fear of the defendants' use of power to try to deprive them of their lives and liberty.

**FIRST CAUSE OF ACTION**
**42 U.S.C. section 1983 for Fourth and Fourteenth Amendment Violations**
**[Plaintiffs Against Defendants County of Stanislaus, Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro]**

41. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

42. In doing the acts complained of herein, defendant Stanislaus County and defendants Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro (collectively, "Individual Defendants") and Does 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

- The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States.  Plaintiffs' action includes, but is not limited to, the wrongful search of their telephonic communications, the wrongful seizure of their persons, and the malicious prosecution until the criminal charges were dismissed.
- The right to be free from arrest without probable cause guaranteed by the Fourth Amendment to the Constitution of the United States.
- The right to due process of law by being informed of all exculpatory evidence in the criminal case against Plaintiffs guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

43. As a direct and proximate result of Stanislaus County and the Individual Defendants' wrongful conduct, Plaintiffs have suffered damages, including, but not limited to,

///

legal expenses, economic losses, loss of reputation, emotional distress, and other damages.

44. In doing the things alleged herein, Stanislaus County and the Individual Defendants' conduct was despicable. Stanislaus County and the Individual Defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**SECOND CAUSE OF ACTION**
**Malicious Prosecution**
**[Plaintiffs Against Defendants Stanislaus County, Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro]**

45. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

46. In doing the acts complained of herein, defendants Stanislaus County, Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro and Does 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

- The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the Constitution of the United States. Plaintiffs' action includes, but is not limited to, the wrongful search of their telephonic communications, the wrongful seizure of their persons, and the malicious prosecution until the criminal charges were dismissed.
- The right to be free from arrest without probable cause guaranteed by the Fourth Amendment to the Constitution of the United States.
- The right to due process of law by being informed of all exculpatory evidence in the criminal case against Plaintiffs guaranteed by the Fourth and Fourteenth Amendments of the Constitution of the United States.

47. Stanislaus County and the Individual Defendants caused the initiation of criminal proceedings against Plaintiffs without probable cause and with malice and reckless indifference.

48. The criminal proceedings were terminated in Plaintiffs' favor for lack of probable cause.

49. As a direct and proximate result of Stanislaus County and the Individual Defendants' wrongful conduct, Plaintiffs have suffered damages, including, but not limited to, legal expenses, economic losses, loss of reputation, emotional distress, and other damages.

50. In doing the things alleged herein, Stanislaus County and the Individual Defendants' conduct was despicable. Stanislaus County and the Individual Defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**THIRD CAUSE OF ACTION**
**Violation of California Civil Code section 52.1**
**[Plaintiffs Against All Defendants]**

51. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

52. Plaintiffs allege that the defendants caused the initiation of a malicious criminal prosecution against them in violation of their First and Fourth Amendment rights under the United States Constitution and corresponding rights under the California Constitution.

53. Defendants County of Stanislaus, City of Modesto, City of Turlock, and City of Ceres are liable under a theory of respondeat superior.

54. As a direct and proximate result of the defendants' wrongful conduct, Plaintiffs have suffered damages, including, but not limited to, legal expenses, economic losses, loss of reputation, emotional distress, and other damages.

55. In doing the things alleged herein, the defendants' conduct was despicable. The defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**FOURTH CAUSE OF ACTION**
**False Arrest/Imprisonment**
**[Plaintiffs Against All Defendants]**

56. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

57. The defendants and Does 1-10, and/or each of them, by their actions caused Plaintiffs to be confined or knew to a substantial certainty that Plaintiffs would be confined due

to their actions.

58. The defendants made material misrepresentations and omissions in the arrest warrant that they knew would cause the judge to issue a warrant that was not supported by probable cause.

59. California Government Code section 820 provides that a public employee is liable for injury to the same extent as a private person.

60. California Government Code section 820.4 specifically provides that a public employee is liable for false arrest or false imprisonment.

61. California Government Code section 815.2 provides that a public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his/her employment. Defendants County of Stanislaus, City of Modesto, City of Turlock, and City of Ceres are liable under a theory of respondeat superior.

62. As a direct and proximate result of the defendants' wrongful conduct, Plaintiffs have suffered damages, including, but not limited to, legal expenses, economic losses, loss of reputation, emotional distress, and other damages.

63. In doing the things alleged herein, the defendants' conduct was despicable. The defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**FIFTH CAUSE OF ACTION**
**Intentional Infliction of Emotional Distress**
**[Plaintiffs Against Defendants Stanislaus County, Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro]**

64. Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

65. As described hereinabove, defendants Stanislaus County, Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro engaged in outrageous conduct. By such conduct, Stanislaus County and the Individual Defendants intended to cause Plaintiffs emotional distress, or engaged in conduct with reckless disregard of the probability of causing Plaintiffs emotional distress, or both.

66.     As a proximate result of Stanislaus County and the Individual Defendants' conduct, Plaintiffs have suffered severe emotional distress.

67.     The outrageous conduct of Stanislaus County and the Individual Defendants was a substantial factor in the severe emotional distress suffered by Plaintiffs.

68.     Stanislaus County and the Individual Defendants' wrongful conduct has caused Plaintiffs to suffer and continue to suffer injury, including, but not limited to, economic damages, severe emotional distress, and other damages.

69.     In doing the things alleged herein, Stanislaus County and the Individual Defendants' conduct was despicable.  Stanislaus County and the Individual Defendants acted toward Plaintiffs with malice, oppression, fraud, and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**SIXTH CAUSE OF ACTION**
**Defamation**
**[Plaintiffs Against Defendants Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro]**

70.     Plaintiffs incorporate by reference and reallege each and every allegation set forth above, as though fully set forth herein.

71.     As described hereinabove, defendants Fladager, Ferreira, Bunch, Jacobson, Lingerfelt, Mariscal, MacKinnon, Evers, Perry, Brown, Jones, Redd, Barringer, and Navarro intentionally and knowingly published false information to others, falsely accusing Plaintiffs of serious felonies and crimes of moral turpitude.

72.     The Individual Defendants' conduct was outside of the criminal investigation, to the public and the press, and amounts simply to defamatory statements designed to influence public opinion about Plaintiffs.

73.     The Individual Defendants' false publications are defamatory *per se*.

74.     As a direct and proximate result of the Individual Defendants' wrongful conduct, Plaintiffs have suffered damages, including, but not limited to, legal expenses, economic losses, loss of reputation, emotional distress, and other damages.

75.     In doing the things alleged herein, the Individual Defendants' conduct was despicable.  The Individual Defendants acted toward Plaintiffs with malice, oppression, fraud,

and with willful and conscious disregard for Plaintiffs' rights, entitling them to an award of punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs Georgia DeFilippo and Christina DeFilippo pray for judgment against defendants County of Stanislaus, City of Modesto, City of Turlock, City of Ceres, Birgit Fladager, Marlissa Ferreira, Kirk Bunch, Steve Jacobson, Dale Lingerfelt, Froilan Mariscal, Lloyd MacKinnon, Jon Evers, Derek Perry, Cory Brown, Greg Jones, Timothy Redd, Kenneth Barringer, and Frank Navarro, requesting entry of judgment as follows:

A. For general damages in an amount to be determined at trial;

B. For special damages in an amount to be determined at trial;

C. For punitive damages in an amount to be determined at trial;

D. For costs of suit and reasonable attorneys' fees pursuant to 42 U.S.C. section 1988 and other relevant statutes, including a contingency fee enhancement beyond the lodestar;

E. For prejudgment interest at the legal rate; and

F. For such other and further relief as the court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(a) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury.

DATE: April 10, 2018                GWILLIAM, IVARY, CHIOSSO, CAVALLI & BREWER

/s/ J. Gary Gwilliam
J. Gary Gwilliam
Attorneys for Plaintiffs
GEORGIA DEFILIPPO AND CHRISTINA DEFILIPPO