UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGIA DEFILIPPO, et al., | No. 1:18-cv-00496-TLN-BAM |
| Plaintiffs, | |
| v. | **ORDER** |
| COUNTY OF STANISLAUS, et al., | |
| Defendants. | |

This matter is before the Court on two Motions to Dismiss: (1) Defendants County of Stanislaus ("the County"), Birgit Fladager, Marlissa Ferreira, Kirk Bunch, David Harris, Dale Lingerfelt, Steve Jacobson, and Cory Brown's (collectively, "County Defendants") Motion to Dismiss (ECF No. 52); and (2) Defendants City of Modesto ("Modesto") and Jon Evers's (collectively, "Modesto Defendants") Motion to Dismiss (ECF No. 66). Plaintiffs Georgia DeFilippo and Christina DeFilippo (collectively, "Plaintiffs") oppose each motion. (ECF Nos. 55, 69.) Defendants filed replies. (ECF Nos. 61, 70.) For the reasons set forth below, the Court GRANTS Defendants' motions.

///

///

///

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2012, an individual named Korey Kauffman ("Kauffman") was reported missing. (ECF No. 41 at 8.) On August 14, 2015, officers arrested a prominent criminal defense attorney named Frank Carson ("Carson") on suspicion that he was involved in an elaborate murder to hire scheme that resulted in Kauffman's murder. (*Id.* at 6.) Plaintiffs are Carson's wife and stepdaughter, who were also arrested on charges related to the murder. (*Id.*) The charges against Plaintiffs were ultimately dismissed. (*Id.* at 14.) Plaintiffs allege Stanislaus County District Attorney Birgit Fladager and Chief Deputy District Attorney convened a task force composed of parties from the Stanislaus County District Attorney's Office, Stanislaus County Sheriff's Department, and the Modesto, Turlock, and Ceres Police Departments to wrongfully investigate and prosecute them for the purpose of destroying Carson. (*Id.* at 8.)

Plaintiffs filed the instant action on April 10, 2018. (ECF No. 1.) On September 12, 2018, the Court stayed the action pending resolution of the underlying criminal case. (ECF No. 23.) The Court lifted the stay on March 26, 2020. (ECF No. 40.) Plaintiffs filed the operative First Amended Complaint ("FAC") on May 18, 2020, alleging various 42 U.S.C. § 1983 claims and state law claims. (ECF No. 41.) County Defendants filed a motion to dismiss on July 17, 2020 (ECF No. 52) and Modesto Defendants filed a motion to dismiss on August 17, 2020 (ECF No. 66). Both of Defendants' motions to dismiss are brought pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), and each motion has been fully briefed.

### II. STANDARD OF LAW

A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under notice pleading in federal court, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to

define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

Nevertheless, a court "need not assume the truth of legal conclusions cast in the form of factual allegations." *U.S. ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Thus, '[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Adams v. Johnson*, 355, F.3d 1179, 1183 (9th Cir. 2004) (citations omitted). Moreover, it is inappropriate to assume the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Ultimately, a court may not dismiss a complaint in which the plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 680. While the plausibility requirement is not akin to a probability requirement, it demands more than "a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. This plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial

1  experience and common sense." *Id.* at 679.  Thus, only where a plaintiff fails to "nudge [his or
2  her] claims . . . across the line from conceivable to plausible[,]" is the complaint properly
3  dismissed.  *Id.* at 680 (internal quotations omitted).

4  If a complaint fails to state a plausible claim, "'[a] district court should grant leave to
5  amend even if no request to amend the pleading was made, unless it determines that the pleading
6  could not possibly be cured by the allegation of other facts.'"  *Lopez v. Smith*, 203 F.3d 1122,
7  1130 (9th Cir. 2000) (en banc) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995));
8  *see also Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (finding no abuse of discretion in
9  denying leave to amend when amendment would be futile).  Although a district court should
10 freely give leave to amend when justice so requires under Rule 15(a)(2), "the court's discretion to
11 deny such leave is 'particularly broad' where the plaintiff has previously amended its
12 complaint[.]"  *Ecological Rights Found. v. Pac. Gas & Elec. Co.*, 713 F.3d 502, 520 (9th Cir.
13 2013) (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004)).

### III.  ANALYSIS

The thrust of both of the instant motions to dismiss is that the FAC should be dismissed because Plaintiffs fail to clearly set forth factual allegations giving rise to each claim. Importantly, most of Plaintiffs' claims against the entity Defendants and supervising Defendants seem to stem from the alleged conduct of the individual Defendants.  As will be discussed, the Court agrees the FAC should be dismissed in its entirety pursuant to Rule 8 because the factual basis for each Defendants' liability for each claim is unclear.

Rule 8 requires "each averment of a pleading to be 'simple, concise, and direct.'"  *See McHenry v. Renne*, 84 F.3d 1172, 1177–78 (9th Cir. 1996).  To comply with Rule 8, a complaint should clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."  *Id.* at 1178.  Even if the factual elements of a cause of action are present but are scattered throughout the complaint and not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8 is proper.  *Id.*  Further, "[t]he propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit."  *Id.* at 1179.  Indeed, Rule 8(d)'s requirement that each

averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id.*

Shotgun pleading occurs when: (1) one party pleads that multiple parties did an act, without identifying which party did what specifically; or (2) when one party pleads multiple claims and does not identify which specific facts are allocated to which claim. *Hughey v. Camacho*, No. 2:13-CV-2665-TLN-AC, 2014 WL 5473184, at *4 (E.D. Cal. Oct. 23, 2014) (citing *In re Mortgages Ltd.*, No. 2:08-bk-07465-RJH, 2013 WL 1336830, at *12 (Bankr. D. Ariz. March 29, 2013); *Magulta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)). In the instant case, the FAC does both of these things. More specifically, the FAC includes over 30 paragraphs of factual allegations that describe a wide variety of conduct by different individuals from different agencies. (ECF No. 41 at ¶¶ 21–55.) These allegations are later incorporated by reference within nine distinct causes of action which are asserted against multiple Defendants collectively and which list only the bare elements of each claim without designating which facts underlie which claim. (*Id.* at 18–25.) This lack of clarity permeates the entire FAC and is a sufficient basis for dismissal. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011) (affirming a district court's dismissal of an entire complaint that made "everyone did everything allegations" without leave to amend because "[t]he district court made clear . . . that plaintiffs must amend their 'shotgun pleading' to 'state[ ] clearly how each and every defendant is alleged to have violated plaintiffs' legal rights" and plaintiffs failed to do so); *see also Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840–841 (9th Cir. 2000) (affirming dismissal of a complaint with prejudice where the complaint failed to include short and plain statement of claim of each of the 51 plaintiffs and failed to state each plaintiff's claim in separate count). The Court will address certain arguments from each of the pending motions to dismiss to illustrate the confusion.

### A.   County Defendants

County Defendants argue Plaintiffs fail to allege specific facts as to each individual's role in each claim. (ECF No. 52-1 at 13.) For example, Plaintiffs sue Bunch, Jacobson, and Lingerfelt — criminal investigators for the Stanislaus County District Attorney's Office — in their individual and official capacities. (ECF No. 41 at 5.) Plaintiffs also sue Brown — a

detective for the Stanislaus County Sheriff's Department — in his individual and official capacity. (*Id.*) Plaintiffs specifically name: Bunch in Claims One, Two, Three, Four, and Eight; Lingerfelt in Claims Two, Three, Four, and Eight; Jacobson in Claims Two, Three, Four, and Eight; and Brown in Claims One, Two, Three, Four, and Eight. (*Id.* at 18–25.) Plaintiffs also bring Claims Six and Seven against "All Defendants," which presumably includes Bunch, Jacobson, Brown, and Lingerfelt. (*Id.* at 22.)

County Defendants correctly argue Plaintiffs fail to include factual allegations specific to these individual Defendants within any claims. Although Plaintiffs argue there are sufficient allegations that the individual Defendants participated in multiple instances of unlawful conduct (ECF No. 55 at 24), the only Defendant-specific allegations Plaintiffs cite are as follows: Brown authored a warrant that made material omissions and intentional fabrications in order to secure Plaintiffs' arrests (ECF No. 41 at ¶ 48); Bunch reviewed and may have authored the fabricated warrant and participated in coercing a statement by Robert Woody that he knew was false (*id.* at ¶¶ 33, 48); Lingerfelt was a direct participant in coercion of a statement by Robert Woody that Defendants knew was false (*id.* at ¶¶ 33, 51); and Jacobson participated in the fabrication of evidence by Robert Woody on multiple occasions, including through Woody's mother (*id.* at ¶¶ 33, 40).[1]

Despite these various factual allegations in the background section of the FAC, Plaintiffs refer to the parties collectively in each claim and fail to cite any specific factual allegations as to "how each and every [D]efendant is alleged to have violated plaintiffs' legal rights." *Destfino*, 630 F.3d at 958.

B. <u>Modesto Defendants</u>

Modesto Defendants challenge all of Plaintiffs' allegations but argue the allegations against Evers are particularly vague. (ECF No. 66 at 13.) Plaintiff sues Evers — a detective with the Modesto Police Department — in his individual and official capacities. (ECF No. 41 at 5.) Plaintiffs specifically name Evers (along with many other Defendants) in Claims Two, Three,

---

[1] Because the Court concludes the FAC does not satisfy Rule 8, the Court need not and does not address whether the allegations are sufficient to state a claim.

Four, and Eight. (*Id.* at 18–28.) As mentioned, Plaintiffs also bring Claims Six and Seven against "All Defendants," which presumably includes Evers. However, Plaintiffs fail to allege any facts specific to Evers in these claims and refer to Defendants collectively. The only allegations specific to Evers in the FAC relate to his alleged coercion of Robert Woody's false testimony (ECF No. 41 at ¶ 51) and his participation in fabrication of evidence and hiding evidence that a witness saw certain individuals beating up Kauffman (*id.* at ¶ 52). There are no allegations in the FAC specific to Modesto other than its relationship to Evers as his employer. Plaintiffs do not identify which of these facts apply to which of the distinct claims brought against Evers and Modesto, nor do they explain how these facts support each claim. *Destfino*, 630 F.3d at 958.

In sum, this is an impermissible shotgun pleading. Plaintiffs improperly attempt to assert nearly all of their claims against all Defendants collectively and fail to allege facts specific to each Defendant for each particular claim. As such, the Court DISMISSES the FAC in its entirety but will give Plaintiffs an opportunity to amend. *Lopez*, 203 F.3d at 1130. In their amended complaint, Plaintiffs should identify which party did what specifically and which specific facts are allocated to which claim. *See Hughey*, 2014 WL 5473184, at *4; *see also McHenry*, 84 F.3d at 1176 ("[P]laintiffs would be well advised to . . . focus on linking their factual allegations to actual legal claims.").

### IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motions to Dismiss (ECF Nos. 52, 66) and DISMISSES the FAC in its entirety with leave to amend. Plaintiffs shall file their amended complaint not later than thirty (30) days from the electronic filing date of this Order. Defendants shall file their responsive pleading not later than twenty-one (21) days thereafter.

IT IS SO ORDERED.

Dated: September 27, 2021

Troy L. Nunley
United States District Judge